IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAIME ERRIVARES                      :

   v.                                :   Civil Action No. DKC 09-1138

TRANSPORTATION SECURITY
ADMINISTRATION                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this conversion case is Defendant's motion to dismiss. (Paper 17). Plaintiff, who is proceeding *pro se*, was notified by the clerk of the pendency of the motion and the necessity for filing a response. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). No response was filed. The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion to dismiss will be granted.

**I.   Background**

This case arises from a dispute over a lost laptop computer. According to the complaint, while he was passing through a security checkpoint at an unspecified airport, Plaintiff's hand bag was taken by a United States Transportation Security Administration ("TSA") officer from one side of the checkpoint to the other. (Paper 2). Plaintiff saw the officer

close the hand bag before the officer told Plaintiff that "everything [was] OK." (*Id.*). When Plaintiff arrived at his destination, Miami, Florida, he discovered that his computer was not in the hand bag. (*Id.*). Defendant states that the alleged events occurred on July 14, 2008 at Ronald Reagan National Airport in Arlington, Virginia. (Paper 17, Attach. 1, at 3).

Plaintiff's administrative claim was dismissed by the TSA on October 13, 2008. (Paper 2, Attach. 3). Plaintiff filed a claim for return of the laptop or $1043.02 in the District Court of Maryland for Montgomery County on January 15, 2009. (Paper 2). The case was removed to federal court on May 4, 2009. (Paper 1).

## II. Motion to Dismiss

### A. Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still

2

requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999)(citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 192-93 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the

pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nonetheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 Fed.Appx. 9 (4th Cir. 2005)(unpublished).

**B.   Analysis**

Defendant's motion to dismiss will be granted because Plaintiff fails to state a claim upon which relief may be granted. A claim against the United States is governed by the law of the place where the underlying events occurred. 28 U.S.C.A. § 1346(b)(1). Because Plaintiff does not dispute Defendant's statement that the alleged events occurred in Arlington, Virginia, the substantive law of Virginia applies. Plaintiff's complaint may be construed as intending either a negligence claim or a conversion claim under Virginia law.

**1.   Conversion**

In Virginia, a party is liable for conversion "for the wrongful exercise or assumption of authority over another's goods, depriving the owner of their possession, or any act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's rights."  *Simmons v. Miller*, 261 Va. 561, 582 (2001)(citations omitted).  Taking all of Plaintiff's statements as true, Plaintiff has not alleged that the TSA or one of its agents deprived him of his laptop computer. Plaintiff has merely alleged that he noticed the laptop was missing hours after a TSA officer handled his bag. This shows only that the officer *could* have acted wrongfully. The facts alleged do not demonstrate that the laptop's disappearance was more likely the result of wrongful action by the officer than either Plaintiff's own accidental misplacement or the wrongful action of another before or after the hand bag was taken through security.  Thus, this is precisely the situation warned against in *Iqbal*, 129 S.Ct. at 1950:  one may infer no more than the "mere possibility of misconduct" from the complaint, so the claim must be dismissed.

**2.   Negligence**

Plaintiff also fails to state a claim for negligence.  For a negligence claim to succeed in Virginia, a plaintiff must show

5

the existence of a legal duty, a breach of that duty, and proximate causation resulting in damage.  *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293 (2003).  Plaintiff's complaint fails to allege these elements.  Even if the court infers that the TSA had a legal duty of care towards the contents of the hand bag and that the missing computer was in the hand bag when the TSA officer carried the bag through security, the complaint provides no information linking the computer's disappearance to the TSA officer: *i.e.* it may have been stolen or misplaced at any time between when Plaintiff left the security checkpoint and when he discovered it was missing in Miami.

**III. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted.  A separate Order will follow.

                                                         /s/
                               DEBORAH K. CHASANOW
                               United States District Judge